```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HARRY KARTEN,                                               :
                                Plaintiff,                  :
                                                            :    22 Civ. 3200 (LGS)
                -against-                                   :
                                                            :            ORDER
PNC BANK, NATIONAL ASSOCIATION,                             :
                                Defendant.                  :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff/Interpleader Defendant Harry Karten brings this action for conversion, breach of bailment, promissory estoppel and violation of New York General Business Law section 349 against Defendant/Interpleader Plaintiff PNC Bank, National Association ("PNC") and for fraud against Defendant/Interpleader Defendant Isaac Udotong. PNC brought a counterclaim for declaratory judgment against Karten and a counterclaim, cross-claim and third-party claim for interpleader pursuant to 28 U.S.C. § 1335 against Karten, Udotong, and Interpleader-Defendant Estrella Ramson Enterprises, LLC ("ERE"), respectively.

WHEREAS, on October 26, 2022, PNC's motion to deposit the disputed funds into the Court's registry pursuant to 28 U.S.C. § 1335 was granted (Dkt. No. 45). Both Karten and Udotong claimed to be entitled to the disputed funds in an account at PNC, and neither opposed PNC's motion. ERE has not responded to the third-party complaint against it, and the time to do so has expired. The disputed funds were deposited into the Court's registry.

WHEREAS, on December 15, 2022, PNC and Karten filed a stipulation of voluntary dismissal, dismissing all of Karten's claims against PNC and PNC's counterclaim against Karten for declaratory judgment, leaving only Karten's claims against Udotong and the determination of which of the competing claimants is entitled to the funds deposited with the Court (Dkt. No. 53).

WHEREAS, on December 16, 2022, PNC moved for an order discharging it from liability, dismissing it from the case and restraining the Interpleader Defendants from instituting or prosecuting any proceeding, in any court, affecting the funds at issue (Dkt. No. 54).  The Order dated December 19, 2022, directed any Interpleader Defendant who opposed PNC's motion to file a letter in opposition by January 4, 2023, and directed PNC to serve a copy of that order on ERE (Dkt. No. 55).  PNC served a copy of the Order on ERE (Dkt. No. 56).

WHEREAS, Karten filed a letter stating that it does not oppose PNC's requests to be discharged from liability and dismissed from the case, but it opposes PNC's requested injunction solely to the extent that it could be understood to enjoin the current interpleader proceedings (Dkt. No. 58).  No other Interpleader Defendant opposed PNC's motion.

WHEREAS, in an interpleader action, "a district court may . . . enter its order retraining them from instituting or prosecuting any proceeding in any state or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court," and "may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."  28 U.S.C. § 2361.  "Normally an interpleader action is concluded in two stages, the first determining that the requirements of § 1335 are met and relieving the plaintiff stakeholder from liability, and the second adjudicating the adverse claims of the defendant claimants . . . ."  *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983); *accord Dist. Att'y of N.Y. Cnty. v. Republic of the Philippines*, 307 F. Supp. 3d 171, 189 (S.D.N.Y. 2018).  "Because the requirements of Section 1335 have been satisfied, and because there is no indication in any of the parties' submissions that [PNC] may be independently liable to any of [Interpleader] Defendants, [PNC's] request to be discharged should

be granted." *Solar Spectrum LLC v. AEC Yield Cap. LLC*, No. 18 Civ. 7950, 2019 WL 5381798, at *5 (S.D.N.Y. Oct. 22, 2019).  It is hereby

**ORDERED** that PNC is dismissed from this case with prejudice, and the Interpleader Defendants shall litigate their claims regarding the disputed funds without further involving PNC.  It is further

**ORDERED** that PNC is discharged from all liability with respect to the disputed funds at issue in this case, and the Interpleader Defendants are enjoined and restrained from instituting or prosecuting any proceedings against PNC affecting the disputed funds at issue in this case, except that the Interpleader Defendants may continue to prosecute this case without involving PNC.  It is further

**ORDERED** that the pre-motion conference scheduled for January 11, 2023, is canceled.

Dated: January 6, 2023
      New York, New York

                                                   LORNA G. SCHOFIELD
                                      UNITED STATES DISTRICT JUDGE